# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL E. NEWHOUSE,**

              **Petitioner,**

     **v.**                                     **Case No. 19-CV-345**

**DAVID BETH,**

              **Respondent.**

## RECOMMENDATION AND ORDER

Michael Newhouse is detained in the Kenosha County Detention Center awaiting trial on a felony charge pending in Kenosha County Circuit Court. He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging ineffective assistance by his attorney, Michael Bihler, and prejudice on behalf of the presiding judge, the Honorable Bruce Schroeder. (ECF No. 1.) He asks this court to "investigate the record [and] vacate charges with prejudices which are obvious in the minutes on the record." (*Id.* at 12.)

Newhouse requests leave to proceed without prepayment of the $5.00 filing fee. (ECF No. 2.) Having reviewed his affidavit and trust account statement, the court finds he lacks the resources to pay this fee. Therefore, his request (ECF No. 2) will be **granted**.

In accordance with Rule 1(b) of the Rules Governing Section 2254 Cases and Civil L.R. 9(a)(2), the court applies the Rules Governing Section 2254 cases to petitions for a writ of habeas corpus under 28 U.S.C. § 2241. The court must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Although exhaustion of state court remedies is not explicitly required by § 2241(c)(3) like it is for a petition under § 2254, "the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to [such petitions]." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999) (citing *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (in turn citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973)); *see also United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991) ("While these applicants are not subject to the statutory requirement of exhaustion of remedies, …, federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." (citing *Baldwin v. Lewis*, 442 F.2d 29, 31-33 (7th Cir. 1971)).

> The exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief. In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings. A petitioner will be held to have exhausted his remedies before trial only in "*special circumstances*."

*Blanck*, 48 F. Supp. 2d at 860 (citing *United States v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979) (in turn quoting *Braden*, 410 U.S. at 489)) (emphasis added).

A review of Wisconsin circuit court records, available at http://wcca.wicourts.gov, reveals that on March 13, 2019, the circuit court denied Newhouse's motion to have Attorney Bihler removed from the case. The court stated that it would not address Newhouse's other motions—Motion for Recusal of Circuit Court Judge Schroeder and Motion to Dismiss Based on Illegal or Unconstitutional Activity—because they were not supported by defense counsel. A review of the records of the Wisconsin Court of Appeals and Wisconsin Supreme Court fails to reveal that Newhouse has appealed the circuit court's denial of his motions. Since Newhouse has not exhausted all of his state court remedies, the court finds that he is not entitled to relief in federal court at this time.

**IT IS THEREFORE ORDERED** that Newhouse's motion for Leave to Proceed Without Prepayment of the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER RECOMMENDED** that Newhouse's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) be **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 22nd day of March, 2019.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge